UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DANIEL ANTHONY PEACE**,

                Plaintiff,

v.                                  **Case No. 15-cv-561-pp**

**SARA B. LEWIS,
JOHN CHISHOLM,
STEPHANIE SHOATE,
GARY E. ROSENTHAL,
KELLI S. THOMPSON, and
JOHN DOE, Court Reporter,**

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. 9), DENYING PLAINTIFF'S MOTION TO ALLOW CIRCUIT COURT CASE IN AS EVIDENCE (DKT. 3), DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. 4), DENYING PLAINTIFF'S REQUEST FOR PETITION FOR A WRIT OF *HABEAS CORPUS AD TESTIFICANDUM* (DKT. NO. 6), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DKT. 13), DENYING PLAINTIFF'S MOTION TO STAY SCREENING OF AMENDED COMPLAINT (DKT. NO. 20), SCREENING PLAINTIFF'S COMPLAINT AND DISMISSING CASE**

---

In early May of 2015, the plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights during his 2014 criminal trial in Milwaukee County. Dkt. No. 1. Along with his complaint, the plaintiff filed a Motion to Allow Circuit Court Case In as Evidence, Dkt. No. 3, and a motion to appoint counsel, Dkt. No. 4. Later in May, the plaintiff filed a motion for leave to proceed *in forma pauperis,* Dkt. No. 9, and a motion for leave to file an amended complaint, Dkt. No. 13. The court

1

received the initial partial filing fee on September 21, 2015, and two days later, the plaintiff filed an Amended Brief Legal Theory. Dkt. No. 19. Most recently, on January 7, 2016, the plaintiff filed a motion to stay screening of his amended complaint. Dkt. No. 20.

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated at the time he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 21, 2015, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $9.62. Dkt. No. 11. The court received the plaintiff's initial partial filing fee on September 21, 2015. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis* and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

II. **SCREENING OF PLAINTIFF'S COMPLAINT**

A. <u>Plaintiff's Motion for Leave to File Amended Complaint</u>

Before reaching the substance of the plaintiff's complaint, the court notes that three weeks after he filed his original complaint, the plaintiff filed a motion

2

for leave to file an amended complaint. Dkt. No. 13. In that motion, the plaintiff sought to delete all references to defendants Kelli Thompson (the Wisconsin State Public Defender) and Gary Rosenthal (a private defense attorney). Id. The motion indicated that since filing his original complaint, the plaintiff had determined that neither of these defendants were "solely responsible for the totality of the District Attorney's Office and Clerk of Court Office actions in this action." Id. at 2. The motion further states that "only the Individual who engaged in violations of the law, should have to take responsibility for their actions." Id.

From a legal standpoint, the plaintiff is absolutely correct that §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (emphasis added) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). In addition, criminal defense attorneys cannot be sued under 42 U.S.C. §1983 because they do not qualify as "state actor[s]." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Even an appointed public defender does not act under color of state law. Id.

If the court were going to allow the plaintiff to proceed with this case, it might have given him the opportunity to clean up his proposed amended complaint (Dkt. No. 13-1) by, for example, listing the claims he still wished to bring against the defendants he still wished to sue (rather than filing a list of the paragraphs he wished to remove from the original complaint). And the

3

court will not discuss in its screening analysis below the claim against Thompson and Rosenthal contained in the original complaint. But because the court finds that the remainder of the original complaint fails to state claims upon which relief can be granted, and thus will dismiss this case in its entirety, the court will deny the plaintiff's motion to amend the complaint as moot.

  B. <u>Plaintiff's Amended Brief Legal Theory</u>

On September 23, 2015, the court received a document from the plaintiff entitled "Amended Brief Legal Theory." Dkt. No. 19. In the original complaint, the plaintiff's "brief legal theory" alleged violations of the Equal Protection Clause, the "Mental Anguish Clause," deliberate indifference, negligence, "personal involvement," retaliation and defamation. Dkt. No. 1 at 12. The plaintiff's recitation of these claims was three pages long. <u>Id.</u> at 12-14. The Amended Brief Legal Theory the plaintiff filed in September alleges violations of the "Mental Anguish Clause of 8th Amendment," retaliation, defamation, negligence, equal protection, and "liability." Dkt. No. 19 at 1. This time, the plaintiff's recitation of the claims was four pages long. Dkt. No. 19 at 1-4. Thus, the "amended brief legal theory" changes the causes of action the plaintiff has alleged, leaves out some claims, and changes the supporting arguments in support of other claims. As far as the court can tell, this is another attempt by the plaintiff to amend his complaint. The plaintiff is aware, because he has quoted the rule in prior pleadings, that Rule 15(a)(2) of the Federal Rules of Civil Procedure requires a party to obtain court leave to amend a complaint under these circumstances, and this court requires that the party file a motion

asking the court for leave to file the proposed amended complaint (as the plaintiff did on May 29, 2015, at Dkt. No. 13). The Amended Brief Legal Theory is not a proper motion to amend the complaint, and the court will not consider its substance when it screens the original complaint.

      C.     <u>Plaintiff's Motion to Allow Circuit Court Case in as Evidence</u>

On the day he filed the original complaint, the plaintiff also filed a motion asking this court to "allow circuit court cases in as evidence." Dkt. No. 3. The plaintiff is not asking the court to allow him to cite to published decisions from the Milwaukee County Circuit Court. Rather, he indicates that the transcripts from his criminal trial in Milwaukee County Circuit court prove that the district attorney retaliated against him, slandered him, and libeled him, and he wants this court to consider those transcripts as "evidence" in this federal §1983 case. <u>Id.</u>

The court will deny this motion. As an initial matter, this court has no power to order trial transcripts from a Milwaukee County criminal case; either the plaintiff or the defendants must supply copies of those transcripts. Next, the court notes that even if the plaintiff or the defendants had copies of the transcripts, the proper procedure would be for the parties to exchange those documents with each other during the discovery phase of the case—a phase the case would reach only if this court concluded that some of the plaintiff's claims were sufficient to allow him to proceed. Finally, for the reasons stated below during the screening analysis of the plaintiff's original complaint, the plaintiff has failed to state claims against the prosecutor, the court reporter or

5

the clerk of court. The content of the trial transcripts would have no impact on whether the plaintiff has made claims against defendants who are subject to suit under §1983.

### D. Plaintiff's Motion to Stay Screening

Finally, earlier this month the plaintiff filed a motion asking the court to stay the screening of his amended complaint pending the outcome of his appeal from his criminal conviction. Dkt. No. 20. He says that his attorney in his criminal appeal has uncovered other evidence regarding his constitutional rights being violated. Id. He states that he plans to amend his current complaint to show how the defendants should be held accountable for violating his constitutional rights. Id. Again, as the court will explain below, the court is dismissing this complaint because the plaintiff has sued people he can't sue under §1983. Whatever new theories he might seek to bring would not change that fact, and thus the court will deny the motion to stay, and will proceed to screen the plaintiff's original complaint as it relates to defendants Sara B. Lewis, John Chisholm, Stephanie Shoate, and John Doe Member of the Clerk's Office.

### E. Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

 F. Facts Alleged in the Complaint

In his complaint, the plaintiff submits that his constitutional rights were violated in connection with his 2014 criminal prosecution. He names as

8

defendants: (1) Sara B. Lewis, an Assistant District Attorney (ADA) for Milwaukee County; (2) Milwaukee County District Attorney John Chisholm; (3) assistant court reporter Stephanie Shoate; and (4) a John Doe court reporter, Shoate's supervisor.[1]

In April 2013, two daughters of the plaintiff's ex-girlfriend filed incident reports with the Milwaukee Police Department stating that the plaintiff had sexually assaulted them. Dkt. No. 1 at 8. A criminal complaint was filed on February 25, 2013, charging the plaintiff with 1st Degree Sexual Assault of a Child under thirteen years of age and Repeated Sexual Assault of a Child. Id. The Wisconsin State Public Defender's office appointed counsel to defend the plaintiff against these criminal charges. Id.

On April 30, 2014, defendant Lewis filed a motion to admit evidence of other acts from a prior criminal conviction. Id. The plaintiff sent defense counsel several letters disputing the content of the motion. Id. at 8-9. In the "other prior acts" case, the plaintiff had been charged with two counts of 1st Degree Sexual Assault of a Child, but he had entered into a negotiated plea agreement and had pled guilty only to Causing a Child Mental Harm, based on his admission that he masturbated in front of a child under the age of thirteen. Id. at 7-8. The plaintiff insisted in his letters to defense counsel that he "was

---

[1] As the court indicated in its ruling on the plaintiff's motion to amend his complaint, the court will not discuss the substance of the plaintiff's original claims against defense counsel Kelli Thompson and Gary Rosenthal, because the plaintiff admits that those individuals were not responsible for the acts he alleges, and because they are not state actors.

only convicted [of] masturbating in a bathroom, I was never convicted of these other acts I was charge[d] with." Id. at 8.

The plaintiff alleges that during his July 2014 trial on the February 2013 charges, defendant Lewis used the testimony of the victims from the plaintiff's "other prior acts" case, even though the plaintiff was never found guilty of those acts and maintains that he never committed them. Id. at 9. The plaintiff alleges that defendant Lewis advised the jury during her closing argument that the plaintiff had been found guilty of raping the victim in his "other prior acts" case. Id. at 9.

At the plaintiff's sentencing hearing, the judge stated that she had held "informal" conversations with the jurors after the trial, and that she had asked the jurors what weight they gave the "other prior acts" evidence in their deliberations. Id. She said that their response, as a group, was "not much." Id.

The plaintiff's complaint alleges that he was singled out for different treatment for no rational reason (a "class-of-one" equal protection claim). Specifically, he argues that there was no reason for the dismissed "other prior acts" information to be used against him. Id. at 12-13. He alleges that under the "Mental Anguish Clause" of the Eighth Amendment, he suffered because his defense counsel allowed him to be slandered. He alleges that all of the defendants were aware that their actions in the criminal trial could cause him harm, and that their actions constituted "deliberate indifference." Id. at 13. He argues that the defendants committed common-law negligence because they were aware of their obligation to protect his rights, but failed to do so. Id. at 13-

14. He alleges that the defendants were motivated to convict him by retaliation. Id. at 14. Finally, he alleges that the defendants "allowed false statement[s] to be communicated against" him, "by speech and written documents," and that this constituted defamation under Wisconsin law. Id. The plaintiff seeks compensatory punitive damages and injunctive relief. Id. at 10-11.

      C.      <u>Legal Analysis of Alleged Facts</u>

The court will not allow the plaintiff to proceed on any of his proposed claims.

First, §1983 does not allow actions against persons merely because of their supervisory roles. T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010); Palmer v. Marion County, 327 F.3d 594 (7th Cir. 2003). The plaintiff asks for a recovery against "District Attorney (John Doe)," Id. at 10—despite the fact that he does not list a John Doe district attorney in his list of defendants on page 2—because that person "is liable for an Assistant District Attorney actions," and "could have prevented any harm or judicial injustice." Id. The plaintiff clearly is suing this John Doe assistant district attorney in a supervisory role, which §1983 does not allow.

The plaintiff also names as defendants Milwaukee County District Attorney John Chisholm and "court reporter clerk John Doe." Id. at 2. Nowhere in the complaint does the plaintiff allege that either of these defendants personally participated in the events he describes, although he states that the John Doe court reporter was liable for a court reporter's actions. The plaintiff

11

sues these two individuals in their supervisory capacities; again, §1983 does not allow suit based on supervisory liability.

As to defendant Lewis, a prosecutor is absolutely immune from liability for her prosecutorial activities. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998). The plaintiff's claims against ADA Lewis relate to a motion she brought before the court, testimony she presented during a trial, and her closing arguments. These all are prosecutorial activities, for which she has absolute immunity.

Finally, the plaintiff's complaint contains no allegations of personal involvement by court reporter Stephanie Shoate. The court can only guess that defendant Shoate was the court reporter who recorded the proceedings during the plaintiff's criminal trial in Milwaukee County Circuit Court. The plaintiff summarily states only that she "maliciously libel against the petitioner." Dkt. No. 1 at 10. A court reporter records what other people say. She does not record her own words; she records other people's. The plaintiff appears to allege that the court reporter should be liable for writing down words which other people uttered, and which he believes to be libelous. The court reporter is not responsible for the words of other people, and the plaintiff raises no constitutional violation of any kind by defendant Shoate.

### III. PLAINTIFF'S OTHER REQUESTS/MOTIONS

On the same day he filed his original complaint, the plaintiff filed a motion asking this court to issue a writ of *habeas corpus ad testificandum* requiring the warden of his correctional institution to bring the plaintiff

(referring to himself as "petitioner," as if this case were a *habeas corpus* petition) before the court for a preliminary hearing. Dkt. No. 6. The document also demanded discovery, depositions, transcripts, and subpoenas for witnesses. Id. The court does not hold "preliminary hearings" in §1983 cases. If the court allows a case to proceed beyond screening, the court requires the defendants to answer and then sets up a schedule for discovery and motion practice. The court is dismissing this case, however, and thus will deny the plaintiff's request to be produced to testify as moot.

Because the court is dismissing the plaintiff's complaint, the plaintiff's motion to appoint counsel is moot. Dkt. No. 4.

### IV. CONCLUSION

The court hereby **ORDERS** that the plaintiff may proceed *in forma pauperis*. Dkt. No. 9. The court **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $342.21 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary or his designee shall clearly identify payments by the case name and number assigned to this case.

The court **DISMISSES** this case for failure to state a claim, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1). The court orders the clerk of court

13

to enter judgment accordingly. The court also instructs the clerk of court to document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), and thus that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

The court **DENIES** the plaintiff's motion to allow circuit court case in as evidence. Dkt. No. 3.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 4.

The court **DENIES AS MOOT** the plaintiff's petition for a writ of *habeas corpus ad testificandum*. Dkt. No. 6.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 13.

The court **DENIES** the plaintiff's motion to stay screening. Dkt. No. 20.

The court will send a copy of this order to the warden of the Waupun Correctional Institution.

**I FURTHER CERTIFY** that if the plaintiff appeals from this decision, he would not file that appeal in good faith pursuant to 28 U.S.C. §1915(a)(3), unless he offers *bona fide* arguments supporting his appeal.

Dated in Milwaukee, Wisconsin this 21st day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge